611 F.2d 464
 LEWIS, Wilford and Maxine, Brown, Sylvester and Bertha,
Cato, Grace, Individually and on behalf of all
others similarly situated
v.
HILLS, Carla A., Secretary of the United States Department
of Housing and Urban Development; Cain, Paul T., Area
Director of the Philadelphia Area Office of the United
States Department of Housing and Urban Development;
Kaminski, Victor F., Director of the Philadelphia Area
Office of the United States Department of Housing and Urban
Development; and United States Department of Housing and
Urban Development.
Appeal of Wilford and Maxine LEWIS, Grace Cato and the class
they represent.
 No. 79-1308.
 United States Court of Appeals,
Third Circuit.
 Argued Nov. 15, 1979.
Decided Dec. 5, 1979.
 
 George D. Gould (argued), Harold R. Berk, Community Legal Services, Inc., Philadelphia, Pa., for appellants.
 Barbara Allen Babcock, Asst. Atty. Gen., Washington, D. C., Peter F. Vaira, Jr., U. S. Atty., Philadelphia, Pa., Ronald P. Glancz, Alphonse M. Alfano, Christine L. Jones (argued), Attys., Civ. Div., Dept. of Justice, Washington, D. C., for appellees; Sally W. Watts, Atty., Dept. of Housing and Urban Development, Washington, D. C., of counsel.
 Before SEITZ, Chief Judge, ALDISERT, Circuit Judge, and TEITELBAUM, District Judge.*
 OPINION OF THE COURT
 PER CURIAM:
 
 
 1
 The question argued in this appeal is whether the district court erred in determining that certain procedures of the Department of Housing and Urban Development passed constitutional muster. Purchasers of low income homes had instituted a class action challenging the methods of processing claims for benefits under sections 518(b) & (d) of the National Housing Act, 12 U.S.C. §§ 1735b(b) & (d). This statute authorized HUD to make expenditures on behalf of owners of defective homes, the mortgages of which were insured under the National Housing Act. Section 1735b(b) covered mortgages insured between August 1, 1968 and January 1, 1973 in which claims were made by December 3, 1976; section 1735b(d) covered mortgages insured between January 1, 1973 and August 3, 1976 in which claims were made by August 3, 1977. The district court determined that plaintiffs were entitled to due process protections and that the HUD procedures vindicated those rights. Lewis v. Hills, 457 F.Supp. 1112 (E.D.Pa.1978). Plaintiffs have appealed, contending that HUD's refusal to afford claimants an oral hearing in its administrative review of denial of benefits failed to comply with due process.
 
 
 2
 The federal appellees have advised this court by brief, Brief for Appellees at 11 n.6, and at oral argument that subsequent to the district court judgment HUD instituted additional procedures whereby every claimant may now have his claim reconsidered under a review program administered by the American Institute of Architects, a group of impartial professionals. Under these circumstances there is a possibility that the issues presented before the district court have now been mooted. Accordingly we will remand the proceedings.
 
 
 3
 The judgment of the district court will be vacated and the proceedings remanded in order for the district court to determine whether the new HUD reviewing procedures available to all claimants have mooted the appellants' claims.
 
 
 4
 Each party to bear its own costs.
 
 
 
 *
 Honorable Hubert I. Teitelbaum, of the United States District Court for the Western District of Pennsylvania, sitting by designation